1   Perry J. Woodward, Esq. (Bar No. 183876)
    Eric Boustani, Esq. (Bar No. 184883)
2   Mark Bernal, Esq. (Bar No. 173923)
    TERRA LAW LLP
3   60 South Market Street, Suite 200
    San Jose, California 95113
4   (408) 299-1200

5   Attorneys for Plaintiff
    SCITEC, INC.
6
    Jay M. Ross (State Bar No. 151750)
7   Tod C. Gurney (State Bar No. 199813)
    HOPKINS & CARLEY
8   A Law Corporation
    The Letitia Building
9   70 South First Street
    San Jose, CA 95113-2406
10
    *mailing address:*
11  P.O. Box 1469
    San Jose, CA 95109-1469
12  Telephone:      (408) 286-9800
    Facsimile:      (408) 998-4790
13
    Attorneys for Defendant
14  TELEDEX, LLC

15

16

17                      UNITED STATES DISTRICT COURT

18                     NORTHERN DISTRICT OF CALIFORNIA

19                             SAN JOSE DIVISION

20
    SCITEC, INC.,                        | Civil Action No. C-05-00216 JW PVT
21
                    Plaintiff,           | **STIPULATED PROTECTIVE ORDER**
22                                         AND ADDENDUM THERETO
    vs.
23
    TELEDEX, LLC,
24
                    Defendant.
25

26          IT IS HEREBY STIPULATED and agreed by, between, and among counsel for the

27  parties to this action, that the terms and conditions of this Stipulated Protective Order shall

28

1   ~~the handling of confidential information~~ *(handwritten annotation)*
    govern ~~proceedings~~ in this action.

2       1.      Purposes and Limitations

3               (a)     Disclosure and discovery activity in this action are likely to involve

4   production of confidential, proprietary, and/or private information for which special protection

5   from public disclosure and from use for any purpose other than prosecuting this litigation

6   would be warranted.  Accordingly, the parties, by and through their respective counsel of

7   record, hereby stipulate to and petition the court to enter the following Stipulated Protective

8   Order; acknowledge that (i) this Order does not confer blanket protections on all disclosures or

9   responses to discovery and that the protection it affords extends only to the limited information

10  or items that are entitled under the applicable legal principles to treatment as confidential, (ii) as

11  set forth in Section 17, below, that this Stipulated Protective Order creates no entitlement to file

12  confidential information under seal, and (iii) that Civil Local Rule 79-5 sets forth the

13  procedures that must be followed and reflects the standards that will be applied when a party

14  seeks permission from the court to file material under seal.

15              (b)     This Stipulated Protective Order shall govern any designated record of

16  information produced in this action, including all designated deposition testimony, all

17  designated testimony taken at a hearing or other proceeding, interrogatory answers, documents

18  and other discovery materials, whether produced informally or in response to interrogatories,

19  requests for admissions, requests for production of documents or other formal method of

20  discovery, or pursuant to required disclosures under any federal procedural rule or local rule,

21  and any supplementary disclosures thereto.  This Stipulated Protective Order shall also operate

22  to govern all documents and information produced in response to, or in connection with, any

23  third party subpoena served by the parties in this action calling for the production of documents

24  or things in connection with Civil Action No. C05-00216-JW-PVT.

25      2.      Discovery Information.      All information or tangible things produced or

26  exchanged by any party or non-party to another party in the course of this litigation through

27  formal discovery methods described in the Federal Rules of Civil Procedure (hereinafter

28  1134700.1                                  2                          C-05-00216-JW-PVT
                            **STIPULATED PROTECTIVE ORDER**

1    "DISCOVERY INFORMATION"), ~~including but not limited to information or tangible things~~ *which is* [PV↑]

2    designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS ONLY" (hereinafter

3    collectively "Designated Material") shall be used by the receiving party solely for the

4    prosecution and/or defense of this action, including for any appeal thereof or for any insurance

5    claim and coverage directly related thereto.  Except by order of the Court, such ~~DISCOVERY~~ *Designated* [PV↑]

6    *Material* [PV↑] ~~INFORMATION~~ shall not be used by any party, other than the producing party, for any other

7    purpose, for example, without limitation, for any business or commercial purpose, and shall not

8    be disclosed to any person or entity except in accordance with the terms hereof.

9         3.    "CONFIDENTIAL" Information.    "CONFIDENTIAL" information, as used

10    herein, means any information (regardless of how generated, stored, or maintained) or tangible

11    things that qualify for protection under standards developed under F.R.Civ.P. 26(c) and which

12    is designated "CONFIDENTIAL" by any ~~of the supplying or receiving parties~~ *party or non-party* [PV↑]. In designating

13    information as "CONFIDENTIAL," a party *(or non-party)* [PV↑] will make such designation only as to that

14    information that it *(and its counsel)* [PV↑] in good faith believes contains confidential information and qualifies for

15    protection under standards developed under F.R.Civ.P. 26(c).

16         4.    "CONFIDENTIAL ATTORNEYS ONLY" Information.    "CONFIDENTIAL

17    ATTORNEYS ONLY" information, as used herein, means "CONFIDENTIAL" information or

18    tangible things ~~of a proprietary business or technical nature that is of value to a competitor or~~ *for which the potential injury from disclosure is substantial*

19    ~~potential customer of the designating party, which poses a commercial disadvantage to the~~ *and cannot be prevented through any means less restrictive*

20    ~~producing party, which is not otherwise accessible to the public,~~ *of a party's access to its lawyer* [PV↑] and which is designated

21    "CONFIDENTIAL ATTORNEYS ONLY" by any ~~of the supplying or receiving parties.~~ *party or non-party.* [PV↑] In [PV↑]

22    designating information as "CONFIDENTIAL ATTORNEYS ONLY," a party *(or non-party)* will make such

23    designation only as to that information that it *(and its counsel)* in good faith believes ~~constitutes information or~~ *warrants that* [PV↑]

24    ~~tangible things of a proprietary business or technical nature that is of value to a competitor or~~ *level of protection.  See Addendum hereto.* [PV↑]

25    ~~potential customer of the designating party, which poses a commercial disadvantage to the~~

26    ~~producing party, and which is not otherwise accessible to the public.~~ [PV↑]

27         5.    Qualified Persons.    "Qualified Persons," as used herein, means:

28

1        (a)    The parties' respective counsel of record in this matter, co-counsel, and

2    their administrative staff to whom it is reasonably necessary that the Designated Material be

3    shown for purposes of this litigation.

4        (b)    Experts or consultants, including their staffs, who have been retained by

5    the parties or their attorneys for purposes of this litigation and are not employees of the parties,

6    to whom disclosure is reasonably necessary for this litigation, and who have first executed a

7    Confidentiality Undertaking in the form attached hereto as Exhibit A.

8        (c)    Representatives of any insurance carrier or insurance company that may

9    provide a defense and/or coverage in connection with the claims at issue in this action.

10       (d)    The officers, directors, and employees (including in-house counsel) of a

11   party to whom disclosure is reasonably necessary for this litigation and who have first executed

12   a Confidentiality Undertaking in the form attached hereto as Exhibit A.

13       (e)    The Court and its personnel.

14       (f)    Any person acting as a neutral in any alternative dispute resolution

15   process, including said neutral's staff, in which the parties agree to participate in connection

16   with this action.

17       (g)    Professional vendors performing administrative tasks (e.g., copying,

18   microfilming, exhibit preparation) directly related to the prosecution and/or defense of this

19   action to whom disclosure is reasonably necessary for this action.

20       (h)    Witnesses during their depositions, and court reporters, videographers,

21   and other persons involved in recording deposition testimony in this action, to whom disclosure

22   is reasonably necessary for this action and who have first executed a Confidentiality

23   Undertaking in the form attached hereto as Exhibit A.

24       (i)    Any other person or entity designated as a Qualified Person by order of

25   this Court.

26       6.    Disclosure of Designated Material.

27       (a)    "CONFIDENTIAL" material and information shall not be disclosed or

28

1  made available by the receiving party to persons other than Qualified Persons.

2          (b)     "CONFIDENTIAL ATTORNEYS ONLY" material and information

3  shall not be disclosed or made available by the receiving party to persons other than those

4  Qualified Persons described in paragraphs 5(a), (b), (c), (e), (f), and (g) above.  In no event

5  shall the Qualified Persons authorized by this paragraph to receive documents or things

6  designated as "CONFIDENTIAL ATTORNEYS ONLY" be an officer, director, employee or

7  non-litigation consultant of any of the parties to this action.

8          (c)     Each party's outside counsel shall maintain a log of all copies of

9  "CONFIDENTIAL ATTORNEYS ONLY" documents which are delivered to any one or more

10 Qualified Persons of paragraph 5(b), (c) and (g) above, and shall maintain copies of

11 Confidentiality Undertakings executed by all Qualified Persons to whom "CONFIDENTIAL"

12 or "CONFIDENTIAL ATTORNEYS ONLY" information has been provided, other than

13 the court. PVT        (d)     Documents and information designated as "CONFIDENTIAL" or

14 "CONFIDENTIAL ATTORNEYS ONLY" shall include (i) all copies, extracts, and complete

15 or partial summaries prepared from such documents or information, (ii) portions of deposition

16 transcripts and exhibits thereto which contain or reflect the content of any such documents,

17 copies extracts, or summaries; (iii) portions of briefs, memoranda, or any other writing filed

18 with the Court and exhibits thereto, which contain or disclose PVT the content of any such documents,

19 copies, extracts, or summaries; (iv) deposition testimony designated in accordance with

20 paragraph 8 below, and (v) testimony taken at a hearing or other proceeding that is designated

21 in accordance with paragraph 9 below.

22         7.     Manner of Designation Of Material.  Documents produced in this action may be

23 designated by any party or parties as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS

24 ONLY" information by marking with a stamp or label stating "CONFIDENTIAL" or

25 "CONFIDENTIAL ATTORNEYS ONLY" in conspicuous place on each page of the

26 document(s) so designated.  Documents produced by a third party not named in this action may

27 be designated by that third party or any party to this action as "CONFIDENTIAL" or

28

1134700.1                          5                          C-05-00216-JW-PVT
                          STIPULATED PROTECTIVE ORDER

1  "CONFIDENTIAL ATTORNEYS ONLY" information in the same fashion.  In lieu of marking

2  the original of a document, if the original is not produced, the designating party or non-party

3  may mark the copies that are produced or exchanged.  Originals shall be preserved for

4  inspection.

5          8.      Designation Of Material At Deposition.

6                  (a)      Information disclosed at (i) the deposition of a party or one of its present

7  or former officers, directors, employees, agents or independent experts retained by counsel for

8  the purpose of this litigation, or (ii) the deposition of a non-party (which information pertains to

9  a party) may be designated by any party as "CONFIDENTIAL" or "CONFIDENTIAL

10 ATTORNEYS ONLY" information by indicating on the record at the deposition that the

11 testimony is "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS ONLY" and is subject

12 to the provisions of this Order.

13                 (b)      Any party may also designate information disclosed at such deposition as

14 "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS ONLY" by notifying all of the

15 parties in writing within twenty (20) days of receipt of the final transcript or completion of the

16 deposition, whichever is later, of the specific pages and lines of the transcript which should be

17 treated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS ONLY" thereafter.  Each

18 party shall attach a copy of such written notice or notices to the face of the transcript and each

19 copy, thereof in his possession, custody or control.

20                 (c)      Any party may mark any material designated hereunder as

21 "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS ONLY" as an exhibit to a

22 deposition, hearing, or other proceeding and examine any witness thereon qualified under the

23 terms of this Stipulated Protective Order to have access to such Designated Material, provided

24 the exhibit and related transcript pages receive the same type of confidentiality designation as

25 the original document.

26                 (d)      The designating party shall have the right to exclude the following

27 persons from a deposition before the taking of testimony that the designating party designates

28

1  as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS ONLY":  (i) as to testimony

2  designated as "CONFIDENTIAL", all persons other than those persons previously qualified to

3  receive "CONFIDENTIAL" information pursuant to paragraph 5, above; and (ii) as to

4  testimony designated as "CONFIDENTIAL ATTORNEYS ONLY", all persons other than

5  those persons previously qualified to receive "CONFIDENTIAL ATTORNEYS ONLY"

6  information pursuant to paragraph 5, above.

7         (e)    Transcript pages containing testimony designated "CONFIDENTIAL" or

8  "CONFIDENTIAL ATTORNEYS ONLY" must be separately bound by the deposition court

9  reporter, who must affix in a conspicuous place on each such page the legend

10  "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS ONLY" as instructed by the

11  designating party or non-party.

12       9.    Designation at Court Hearings or Proceedings.    Subject to any further orders

13  of this Court otherwise, with respect to testimony elicited during hearings and other

14  proceedings, whenever counsel for any party deems that any question or line of questioning

15  calls for the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS ONLY"

16  information, counsel may designate on the record prior to such disclosure that the disclosure is

               _request leave to / PVT_

17  "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS ONLY" as the case may be.  Subject

18  to any further orders of this Court otherwise, whenever matter designated "CONFIDENTIAL"

19  or "CONFIDENTIAL ATTORNEYS ONLY" is to be discussed in a hearing or other

20  proceeding, any designating party may have excluded from the room any person who is not

               _request to / PVT_

21  entitled under this Order to receive information designated as "CONFIDENTIAL" or

22  "CONFIDENTIAL ATTORNEYS ONLY."

23       10.    Request, Subpoena, or Demand For Designated Material.

24         (a)    If any materials designated "CONFIDENTIAL" or "CONFIDENTIAL

25  ATTORNEYS ONLY" pursuant to this Stipulated Protective Order are requested by a party in

26  another action, by an administrative agency, by court order, or by a legislative body, pursuant

27  to subpoena, document request, civil investigative demand, or other legal obligation, the party

28

1   subject to such request or order shall immediately and in no event more than three (3) court

2   days after receiving said request or order give written notice thereof to each party that has

3   designated the materials "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS ONLY."

4         (b)    The party receiving the request or order also must immediately inform in

5   writing the party who caused the request or order to issue that some or all of the material

6   covered by the request or order is the subject of this Stipulated Protective Order and must

7   deliver a copy of this Stipulated Protective Order promptly to the party who caused the request

8   or order to issue.

9         (c)    The purpose of imposing these duties is to alert the interested parties to

10   the existence of this Stipulated Protective Order and to afford the designating party in this case

11   an opportunity to object to the production of said materials in response to the request or order.

12         (d)    If the party that has designated the materials "CONFIDENTIAL" or

13   "CONFIDENTIAL ATTORNEYS ONLY" does not move for a Protective Order within twenty

14   (20) days of the date notice is served upon the designating party (or within such time as a court

15   may direct or as may be agreed upon between the designating party and the subpoenaing party)

16   and give written notice of such motion to the subpoenaing party and the person to whom the

17   subpoena is directed, the person to whom the subpoena or other request is directed may

18   commence production in response thereto. *If there is insufficient time, this deadline shall be adjusted to occur no later than one day before the production is due* pvt

19         (e)    The designating party shall bear the burdens and expenses of objecting to

20   the production of said materials in response to such a request or order and nothing in these

21   provisions should be construed as authorizing or encouraging a party in this action that receives

22   such a request or order to disobey a lawful directive from another court.

23       11.    Disclosure Beyond Terms of Stipulated Protective Order.    Nothing herein shall

24   prevent disclosure beyond the terms of this Stipulated Protective Order if each party

25   designating the information as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS

26   ONLY" gives its prior written consent to such disclosure or, if the Court, after notice to all

27   affected parties, orders such disclosures.

28

1    12.    Additional Protections From and Modifications To Stipulated Protective Order.

2  This Stipulated Protective Order shall not preclude any party from seeking and obtaining, on an

3  appropriate showing, such additional protection with respect to the confidentiality of documents

4  or other discovery materials as that party may consider appropriate.  Nor shall any party be

5  precluded from (i) claiming that any matter designated hereunder is not entitled to the

6  protections of this Stipulated Protective Order, (ii) applying to the Court for an Order

7  permitting the disclosure or use of information or documents otherwise prohibited by this

8  Stipulated Protective Order, or (iii) applying for a further Order modifying this Stipulated

9  Protective Order in any respect.

10    13.    Inadvertent Failure To Designate.    If timely corrected, an inadvertent failure

11  to designate information or items as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS

12  ONLY" does not, standing alone, waive the designating part's right to secure protection under

13  this Stipulated Protective Order for such material.

14    14.    Challenges To Designations.  A party shall not be obligated to challenge the

15  propriety of a designation as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS

16  ONLY" at the time made, and a failure to do so shall not preclude a subsequent challenge

17  thereto, unless a prompt challenge to such designation is necessary to avoid substantial

18  unfairness, unnecessary economic burdens, or a later significant disruption or delay of the

19  litigation.  In the event that any party to this litigation disagrees at any stage of these

20  proceedings with the designation by the designating party of any information as

21  "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS ONLY", or the designation of any

22  person as a Qualified Person, the objecting party shall first meet and confer in good faith with

23  the designating party to try to resolve such dispute on an informal basis (e.g., production of

24  redacted copies).  If the objecting party reasonably determines the dispute cannot be resolved,

25  the objecting party may invoke this Stipulated Protective Order by objecting in writing to the

26  party who has designated the document or information as "CONFIDENTIAL" or

27  "CONFIDENTIAL ATTORNEYS ONLY."  The objecting party shall be required to file and

28

1134700.1                                          9                                C-05-00216-JW-PVT
                                    **STIPULATED PROTECTIVE ORDER**

1 | serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

2 | applicable) for an order to redesignate the status of the subject information within twenty (20)

3 | days of sending the written objection to the designating party.  Such a motion shall identify the

4 | challenged material, set forth in detail the basis for the challenge, and be accompanied by a

5 | competent declaration that affirms that the movant has complied with the requirements imposed

6 | in this paragraph and that sets forth with specificity the justification for the confidentiality

7 | designation that was given by the designating party in the meet and confer dialogue.  The

8 | burden of persuasion on any such motion shall be on the designating party to justify its

9 | designation and, if applicable, any opposition to the motion on the basis that it was not

10 | promptly filed and, as a result, has or will result in substantial unfairness, unnecessary

11 | economic burdens, or a later significant disruption or delay of the litigation.  Failure to move

12 | the Court for an order to redesignate the status of the information, within twenty (20) days after

13 | service of the written objection on the designating party, shall bar any further challenge to the

14 | designation of such information.  The parties may, by written agreement, provide for exceptions

15 | to this Order and any party may seek an order of this Court modifying this Stipulated Protective

16 | Order.

See, e.g., Hartford Fire Ins. v. Garvey 109 FRD 323 ⅃

17 |    15.   <u>Inadvertent Disclosure.</u>   ~~Inadvertent production of documents subject to~~

18 | ~~work product immunity or the attorney-client privilege shall not constitute a waiver of the~~

19 | ~~immunity or privilege, *provided* that the producing party (or the party that inadvertently failed~~

20 | ~~to designate documents produced by a non-party) shall promptly notify the receiving party in~~

21 | ~~writing of such inadvertent production after the producing party learns of such inadvertent~~

22 | ~~production.  If prompt notification is made, such inadvertently produced document and all~~

23 | ~~copies thereof shall be returned to the producing party or destroyed, upon request.  No use shall~~

24 | ~~be made of such documents during deposition or at trial, nor shall they be shown to anyone who~~

25 | ~~was not given access to them prior to the request to return or destroy them.  If, after conferring,~~

26 | ~~the parties are unable to reach a satisfactory agreement within (20) days of receipt of the~~

27 | ~~request to return or destroy the inadvertently produced documents, the producing party (or the~~

28

1134700.1 | 10 | C-05-00216-JW-PVT
**STIPULATED PROTECTIVE ORDER**

1   ~~party that inadvertently failed to designate documents produced by a non-party) may move the~~

2   ~~Court regarding the matter within twenty (20) days after conferring. In such circumstances, the~~

3   ~~receiving party shall bear the burden of persuasion that the production constitutes a waiver of~~

4   ~~the privilege or immunity. The receiving party shall not disclose the document for which the~~

5   ~~belated claim of immunity or privilege is being made to any person, other than those persons~~

6   ~~who have had it in their possession prior to receipt of notification from the producing party,~~

7   ~~unless and until the Court so rules. If the receiving party fails move the Court within twenty~~

8   ~~(20) days after conferring, it shall return or destroy the advertently produced documents, as~~

9   ~~requested by the producing party.~~  *P√1*

10       16.   <u>Disclosure By Designating Party</u>.     Nothing herein shall affect the right of the

11   designating party to disclose to its officers, directors, employees, consultants or experts, or to

12   any other person, information or document designated by it as "CONFIDENTIAL" or

13   "CONFIDENTIAL ATTORNEYS ONLY." Such disclosure shall not waive the protections of

14   this Stipulated Protective Order and shall not entitle other parties or their attorneys to disclose

15   such information or documents in violation of it, *absent written agreement of the*

    *designating party or order of the court.* P√1
16       17.   <u>Filing Designated Material</u>.   Without written permission from the designating

17   party or a court order secured after appropriate notice to all interested persons, a party may not

18   file in the public record in this action any material designated as "CONFIDENTIAL" or

19   "CONFIDENTIAL ATTORNEYS ONLY." A party that seeks to file under seal any material

20   designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS ONLY" must comply

21   with Civil Local Rule 79-5.

22       18.   <u>Applicability To All Proceedings</u>.   ~~Unless otherwise agreed to in writing by~~ *The handling of confidential*

    *information at court proceedings shall be determined by*
23   ~~the parties or ordered by the Court, all proceedings involving documents or information subject~~

    *the judge presiding at those proceedings.* P√1
24   ~~to this Stipulated Protective Order shall be subject to the provisions of this Stipulated Protective~~

25   ~~Order.~~

26       19.   <u>Disposition of Designated Material</u>.     Within ninety (90) days after

27   conclusion of this litigation and any appeal thereof, any documents designated as

28   
1134700.1                              11                        C-05-00216-JW-PVT
                        **STIPULATED PROTECTIVE ORDER**

1 | "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS ONLY" and all reproductions of

2 | such documents produced by a party or non-party, in the possession of any of the persons

3 | qualified under Paragraphs 5 above _(other than the court)_ p/1 shall be returned to the producing party or destroyed,

4 | provided, however, that for each party, outside counsel may retain one complete and unredacted

5 | set of pleadings and papers filed with the Court or served on the other party.  If documents

6 | designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS ONLY" are destroyed

7 | pursuant to this paragraph, written confirmation of such destructions shall be provided

8 | promptly to counsel for all other parties.  As far as the provisions of any protective orders

9 | entered in this action restrict the communication and use of the documents produced

10 | thereunder, such orders shall continue to be binding after the conclusion of this litigation,

11 | except that (i) there shall be no restriction on documents that are used as exhibits in Court

12 | unless such exhibits were filed under seal, and (ii) a party may seek the written permission of

13 | the producing _designating_ p/1 party or order of the Court with respect to dissolution or modification of such

14 | protective orders.

15 |     20.   Compliance by Qualified Persons.    Any party designating any person as a

16 | Qualified Person shall have the duty to reasonably ensure that such person observes the terms

17 | of this Stipulated Protective Order and shall be responsible upon breach of such duty for the

18 | failure of any such person to observe the terms of this Stipulated Protective Order.

19 |     21.   Waiver and Termination of Restrictions.    No part of the restrictions imposed

20 | by this Stipulated Protective Order may be waived or terminated, except by the written

21 | stipulated execution by counsel of record for each designating party, or by an Order of the

22 | Court for good cause shown.  The restrictions provided for herein shall not terminate upon the

23 | conclusion of this lawsuit, but shall continue until further Order of this Court.

24 |     22.   Jurisdiction.  The Court retains jurisdiction to modify this Stipulated Protective

25 | Order and to make further orders with respect to the custody, control and use of material

26 | designated pursuant to this Order, including orders as to the ultimate disposition of said

27 | Designated Material.

28 |

1    23.    Headings. The headings used in this Stipulated Protective Order are supplied for

2    the convenience of the parties and shall not be taken into account in the interpretation of this

3    Order.

4

5    Dated: _4/26/05_                    TERRA LAW LLP

6

7                                        _____
                                         Perry J. Woodward
8                                        Attorneys for Plaintiff Scitec, Inc.

9

10   Dated: _April 26, 2005_             HOPKINS & CARLEY, a Law Corporation

11

12                                       _____
                                         Jay M. Ross
13                                       Tod C. Gurney
14                                       Attorneys for Defendant Teledex, LLC

15

16   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

17

18   Dated: _6/28_, 2005               _____
                                         Honorable ~~James Ware~~ Patricia U. Trumbull
19                                       United States ~~District Court~~ Judge
                                         Magistrate
20

21

22

23

24

25

26

27

28

**EXHIBIT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCITEC, INC., | Civil Action No. C-05-00216-JW |
| Plaintiff, | **EXHIBIT A TO STIPULATED PROTECTIVE ORDER** |
| vs. | |
| TELEDEX, LLC, | |
| Defendant. | |

**COFIDENTIALITY UNDERTAKING**

STATE OF                              )
                                      ) ss:
COUNTY OF                             )

    I, _____ being duly sworn, state that:

    1.   My address is _____.

    2.   My present employer is _____ and the

address of my present employment is _____

_____.

    3.   My present occupation or job description is _____

_____.

**EXHIBIT      A**

1134700.1

14

STIPULATED PROTECTIVE ORDER

C-05-00216-JW-PVT

1      4.     I have received a copy of the Stipulated Protective Order (the "Protective

2  Order") which was issued by the United States District Court for the Northern District of

3  California on _____ in the case of *Scitec, Inc. v. Teledex, LLC* (Civil Action

4  No. C-05-00216JW PVT).

5      5.     I have carefully read and understand the provisions of the Protective Order.

6      6.     I agree to comply with and to be bound by all the terms of the Protective Order,

7  including but not limited to the requirements set forth in Paragraph 19, except that I will return

8  all CONFIDENTIAL and CONFIDENTIAL – ATTORNEYS ONLY MATERIALS and all

9  copies, extracts and complete or partial summaries prepared from such documents or

10  information thereof, which come into my possession to counsel for the party by whom I am

11  employed or retained.

12      7.     I understand and acknowledge that failure to so comply could expose me to

13  sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose

14  in any manner any information or item that is subject to the Protective Order to any person or

15  entity except in strict compliance with the provisions of the Protective Order.

16      8.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement

17  of the Protective Order in this case.

18

19                            _____

20

21

22

23

24

25

26

27

# ADDENDUM TO PROTECTIVE ORDER

*Scitec, Inc. v. Teledex, LLC*
Case No. C05-0216 JW (PVT)

IT IS HEREBY ORDERED as follows:

DESIGNATION OF DOCUMENTS

Before designating any specific information "Confidential" or "Confidential -- Attorneys Only," the designating party's counsel shall make a good faith determination that the information warrants that level of protection under Rule 26(c) of the Federal Rules of Civil Procedure. Counsel should note that not all confidential documents warrant the "Confidential -- Attorneys Only" level of protection. This heightened level of protection is appropriate only for the most highly sensitive information; it is warranted only if "the potential injury is substantial and cannot be prevented through the use of any device less restrictive of a party's access to his lawyer." *Doe v. Dist. of Columbia*, 697 F.2d 1115, 1120 (D.C. Cir. 1983). Thus, the court expects the parties to use this designation sparingly. *See, e.g.*, *THK America v. NSK Co., Ltd.*, 157 F.R.D. 637 (N.D. Ill. 1993) (revoking party's right to use "attorneys' eyes only" designation as sanction for bad faith overuse of that designation).

Counsel are cautioned that over-designation of documents may result in sanctions. The filing of documents designated "Confidential" or "Confidential -- Attorneys' Eyes Only" puts an additional burden on the court. Often the party filing the document is not the designating party. In that situation the party does not have the option to unilaterally de-designate documents before submitting them to the court, and has no choice but to request they be filed under seal. Over-designating documents can thus result in unnecessary work for the court in sorting the documents that deserve sealing from those that do not, as well as additional work for the parties who must then re-file public versions of the non-confidential documents. The best way to avoid this result is for counsel to use best efforts to make appropriate designations at the outset, and to promptly de-designate a document when it comes to counsel's attention that the document is over-

-i-

1  designated.

2          REQUESTS TO FILE DOCUMENTS UNDER SEAL

3          Any party wishing to file any document(s) designated "Confidential" or "Confidential --
4  Attorneys' Eyes Only" shall lodge the document(s) along with a Request for Sealing pursuant to
5  Civil Local Rule 79-5.  The document(s) shall be submitted in an appropriate envelope labeled
6  with the case name and number and the title of the document(s).  Unless otherwise ordered by the
7  Court, **WITHIN FIVE DAYS AFTER ANY REQUEST FOR SEALING IS FILED**, any
8  party claiming confidentiality for the information for which sealing is requested shall serve and
9  file declaration(s) from competent witnesses setting forth specific facts demonstrating that
10  sealing is warranted under rule 26(c).  The parties are cautioned that "Broad allegations of harm,
11  however, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule
12  26(c) test." *Beckman Indus., Inc. v. International Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992).
13  Further, the factual showing must address separately each portion of the materials that the party
14  contends warrants protection.  *See* Civil Local Rule 79-5.

15  Dated: 6/28/05

16                              PATRICIA V. TRUMBULL
17                              United States Magistrate Judge

28                              -ii-